## Watson v. Watson.

February 27, 1948.

John J. Winn, Judge.

H. R. Wilhoit and Thomas R. Burns for appellant.

B. S. Grannis and J. Harlan Powers for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

In this action appellee, the husband, was granted an absolute divorce from appellant, his wife. Her counterclaim was dismissed. She was not awarded alimony, but was allowed an attorney fee of $500.

The wife contends on this appeal that the husband failed to establish the grounds for divorce, and because of his fault she was entitled to alimony. The husband by cross appeal maintains the allowed attorney fee was excessive.

The husband's original petition, filed September 30, 1946, alleged cruel and inhuman treatment. On October 28, the petition was amended and set up the ground of lewd and lascivious conduct. Another amended petition was filed on March 25, 1947, realleging lascivious behavior. Practically all of the proof in support of this latter ground related to events occurring after the filing of the original petition.

The parties were married in 1914. At the time suit was filed they lived at Morehead, in Rowan County. They had raised five children. The husband had farmed, horse traded, and worked on the railroad; and through the years had accumulated some property.

The parties appear to have been happily married up until the time they moved to Morehead, about two years before the action was commenced. From and after that time, the wife's attitude toward the husband seems to have undergone some change. He was older than she was, and she expressed herself as being ashamed to be known as his wife. She would apparently take frequent trips away from home visiting her children. The husband testified that she had told him she no longer loved him. Some neighbors had noticed a change in her attitude toward him. There is evidence that she became abusive. A short time before she left home on August 24, 1946, she had refused to execute a deed with

her husband conveying one of their farms which would have resulted in a substantial profit.

On the night of August 23, the parties had a quarrel, and the wife ran out of the house, accusing the husband of attempting to beat her and shoot her with a shotgun. Her imagination seems to have run riot. She was finally persuaded to return home, and left the next morning to go to Norfolk, Virginia, to visit her oldest daughter. After she was gone five weeks, the husband filed suit for divorce.

The wife soon thereafter returned to Morehead, and appears to have become friendly with a man who operated a hotel and a taxi business. On October 22, the husband claims to have observed her in a very compromising situation. Other evidence indicates that after her return to Morehead she was seen on various occasions in the taxi operated by the other man. Ultimately she was involved in a street brawl with the other man's wife.

There is some evidence that the wife had taken to drinking or had used narcotics.

The principal contention of the wife is that there was no evidence of cruel and inhuman treatment prior to the date suit was filed, and that it was improper for the Chancellor to consider the evidence of lewd and lascivious conduct occurring after the institution of the action. We cannot agree that there was no evidence of cruel and inhuman treatment prior to September 30, 1946. While the proof is not overwhelming, it does appear that the wife had changed her attitude toward her husband and that she had expressed an aversion to him. We think her refusal to sign the deed indicated to some extent a cruel opposition to her husband's wishes.

We do not think the evidence of lewd and lascivious conduct was improper or incompetent. The amendments setting up this new ground were filed without objection on the part of the wife, and the testimony of both the husband and wife were directed to this issue. Even if the facts did not prove an independent cause of action on this ground, they were material in fortifying the charge of cruel and inhuman treatment.

While the mistreatment by the wife was not established beyond question, there was substantial and competent evidence upon which the Chancellor could base his judgment. We could not reverse so much of the judgment as grants a divorce, 21.060, KRS, but we have considered the above matters in determining the rights of the wife to alimony.

The wife contends that she herself established a ground for divorce; that the husband was at fault; and that the judgment in his favor should not deny her right to alimony. She relies on the principle announced in Smith v. Smith, 181 Ky. 55, 203 S. W. 884, wherein this Court recognized that if the husband does not come into court with ''clean hands,'' the wife may be allowed alimony even though the husband is granted the divorce.

We have carefully reviewed the evidence, and it does not appear that the wife established cruel and inhuman treatment on the part of her husband. The proof shows that he was kind and devoted. While he may not have been a perfect husband, the wife's assertions of cruel treatment are not substantiated. The record indicates that the difficulties between these parties were initiated by the wife. Not only that, but she was quite indiscreet in her actions during these proceedings. She cannot lay the blame on her husband. We believe that the Chancellor properly adjudicated the rights of the parties.

On the cross-appeal we see no merit in the husband's contention that the amount allowed as the wife's attorney fee was unreasonable or excessive.

The judgment is affirmed.